Judge Tucker
(after stating the case) observed, this answer which is rather supported by the testimo *39 ay) is not anywhere impugned or contradicted in the record. It, therefore, must prevail, being perfectly responsive to every allegation in the bill. Had those allegations been proved, I should have felt no doubt that the transaction was a shift to avoid the statute of usury, and, consequently, within the words, as well as the true intent and meaning thereof. For I concur with Lord Mansfield, that, “ in all questions, in whatever respect repugnant to the statute, we must get at the nature and substance of the transaction; the view of the parties must be ascertained, to satisfy the court that there is a lpan, and a borrowing; and that the substance was to borrow on the one hand, and to lend on the other; and where the real truth is a loan of money, the wit of man cannot find a shift to take it out of the statute.”(a)
If the bill and answer in this case be both true, (as is possible from the manner in which the transaction was conducted,) whatever might have been Baylor’s intention, Hansbrough was ignorant of it; and though the former might have intended to borrow, even upon usury, the latter seems only to have intended to make a fail-purchase, instead of a loan. That the deposition of Mr. Bootes, the agent employed by Mr. Baylor on this occasion, was not taken in this cause, although upon the spot, is to me convincing proof that he could not have contradicted the answer of Hansbrough. I am therefore for xe versing the chancellor’s decree, and dismissing the bill with costs.
Judge Fleming.
Although I am strongly prepossessed against usurious contracts, in whatever form they may appear, it seems to me that this case is not within either of our acts of assembly against usury. The transaction appears, as well from sundry depositions, as from the answer of the appellant, which is in no instance contradicted, to have been fair and upright, without any knowledge, or suspicion in him, that the bonds were *40 executed merely for the purpose of traffic. The contract was hot of his own seeking, but pressed upon him by the friend and agent of Mr. Baylor; concealing, from him, for whose use the money was to be applied; and it is every day’s practice to purchase bonds at a discount, without blame or censure on the purchasers.
I am therefore of opinion that the decree is erroneous, and ought to be reversed, and the bill dismissed vnth costs.

 Floyer Edwards, Cowp. 114.